CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 1 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADIB EDDIE RAMEZ MAKDESSI, | ) | CASE NO. 7:13CV00079 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| HAROLD CLARKE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Plaintiff Adib Eddie Ramez Makdessi is proceeding pro se and in forma pauperis in this prisoner civil rights action under 42 U.S.C. § 1983. The court notified Makdessi that his initial complaint failed to state any actionable claim, because he did not state facts concerning conduct by the individual defendants in violation of his rights. Makdessi has submitted an amended complaint, and the court recently directed the clerk to attempt service of process of that amended complaint on the defendants named therein.[1] Makdessi has also filed two motions that he styles as "emergency request[s] for order of protection" (ECF Nos. 14 & 15). After review of the record, the court denies these motions for interlocutory injunctive relief.

In his complaint, Makdessi alleges that in November 2012, three officers from Red Onion State Prison, where his previous § 1983 action arose, were allowed to come to the protective custody unit where he is now housed at Keen Mountain Correctional Center and, in retaliation for that prior lawsuit, were allowed to handcuff him behind his back despite knowledge of his shoulder injury. In his current motions, Makdessi asserts that he fears for his life at Keen Mountain, based on statements various officials have made about his prior lawsuit and this new case. He alleges that Officer Phillips told him security officers could strip search Makdessi for

---

[1] Based on Makdessi's omission of other defendants from the amended complaint, the court will dismiss the action as to the omitted defendants, on the presumption that Makdessi has stated no claim he wishes to pursue against them.

security reasons; that officers investigating his claim of sexual assault accused him of lying and told him he could get out of segregation if he changed his story; and that the assistant warden said he would limit the number of legal materials Makdessi could possess in his segregation cell. Makdessi asks the court to issue an order that he be protected from harassment and threats and that officials protect his legal documents and his ability to access the courts.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial, the party seeking the preliminary injunction must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008). A showing of a "strong possibility" of harm is insufficient, because the standard requires a showing that harm is "likely." Id. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted.[2] Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010).

Makdessi fails to demonstrate that without interlocutory relief, he is likely to suffer irreparable harm. He states no facts suggesting that he has been deprived of access to his legal materials or to access of the courts. Indeed, the record indicates that he recently participated in a two-day bench trial with court-appointed counsel assisting him. Moreover, Makdessi fails to demonstrate that the alleged past acts of retaliation taken against him by Keen Mountain officials have placed him, or are likely to place him, at risk of irreparable harm without court intervention.

---

[2] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Fed. R. Civ. P. 65. Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that Makdessi is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

As stated, he complains primarily that Keen Mountain officials have made verbal comments about his lawsuit. He does not allege that anyone at Keen Mountain has caused or threatened him with any physical harm. On these allegations, Makdessi fails to demonstrate any likelihood that he will suffer irreparable harm in the absence of the requested relief. An appropriate order will issue this day, denying his motions for interlocutory injunctive relief.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 11th day of June, 2013.

/s/ Glen Conrad
Chief United States District Judge