CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 1 2 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADIB EDDIE RAMEZ MAKDESSI | )  |
| Plaintiff, | ) Case No. 7:13CV00079 ) ) |
| v. | ) MEMORANDUM OPINION ) |
|  | ) By: Glen E. Conrad |
| HAROLD W. CLARKE, ET AL., | ) Chief United States District Judge ) |
| Defendant(s). | ) |

Plaintiff Adib Makdessi has filed a motion for preliminary injunction. In brief, Makdessi states that on April 22, 2013, and on July 25, 2013, in continued retaliation for his filing this lawsuit and a prior lawsuit, prison officials handcuffed his wrists behind his back, despite their knowledge that such conduct reinjures his shoulder and causes him great pain. Makdessi asks the court to order prison officials to transfer him to another protective custody facility in another region of the state so he can avoid such retaliation. After review of the record, the court denies the motion.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial, the party seeking the preliminary injunction must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 21 (2008). A showing of a "strong possibility" of harm is insufficient, because the standard requires a showing that harm is "likely." Id. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated

by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010).

Makdessi's allegations do not support a finding that he will suffer irreparable harm without the requested court intervention. He admits that his treating physician has not written an order directing that Makdessi must not have his hands handcuffed behind his back for medical reasons. Makdessi also alleges that on July 25, 2013, when he told the officers cuffing him that he could not put his hands behind his back without hurting his shoulder, the officers used two pairs of handcuffs hooked together and moved Makdessi's arms back for him. While this procedure still caused Makdessi pain, the officers' actions indicate an attempt to accommodate his medical problem, even without a medical order requiring them to do so. Moreover, the nurse who examined Makdessi's shoulder after this incident merely advised him to take his pain medication and rest. On these allegations, the court cannot find that Makdessi has made "a clear showing that it is likely [he will] be irreparably harmed absent preliminary relief." Real Truth About Obama, 575 F.3d at 347.

Because Makdessi has not make the necessary showing as to this factor of the Winter standard, he has not demonstrated that preliminary injunctive relief is warranted in this case, and the court need not analyze the remaining Winter factors. Accordingly, the court denies Makdessi's motion.[1] An appropriate order will issue this day.

---

[1] Makdessi does not move for leave to amend his complaint to add claims concerning the incidents in April and July 2013. Because he does not include information indicating that he has exhausted his administrative remedies as to these incidents, as required under 42 U.S.C. § 1997e(a) before he can file suit regarding these claims, the court will not construe his current motion as a motion to amend.

The Clerk is directed to send a copy of this order to the plaintiff and to counsel of record for the defendants.

**ENTER:** This 9th day of August, 2013.

/s/ Glen Conrad
Chief United States District Judge