CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
F\*\* \*\*

OCT 15 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| ADIB EDDIE RAMEZ MAKDESSI | ) | Case No. 7:13CV00079 |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | **MEMORANDUM OPINION** |
|  | ) |  |
|  | ) |  |
| HAROLD CLARKE, <u>ET</u> <u>AL.</u>, | ) | By: Glen E. Conrad |
|  | ) | Chief United States District Judge |
| Defendant(s). | ) |  |

Plaintiff Adib Eddie Ramez Makdessi has filed a pleading that he titles: "Motion for Emergency Order of Protection."[1] Makdessi asserts that being cuffed to the back causes him shoulder pain and that numerous times at River North Correctional Center ("RNCC"), officers have cuffed him to the front or cuffed him to the back with two pairs of cuffs. He complains that on September 18, 2014, RNCC officials (Capt. Febs and two John Does) reinjured his shoulder and wrist by cuffing him to the back during a shakedown of his cell, even after he asked for special cuffing and showed them medical records. Makdessi also complains that while other inmates placed their legal materials through an X-ray machine, the officers tore up and scattered Makdessi's "legals" and told him that if he would send his legal work home, he would not be retaliated against. Makdessi alleges that Officer Ayers, a defendant in his pending lawsuit who is now a K-9 officer at RNCC, brought his dog to the shakedown and allowed it to bark at Makdessi to intimidate him. Makdessi states that he should be transferred to eastern Virginia to avoid further shoulder injury and retaliation.

---

[1] In the heading of his motion, Makdessi lists Case No. 7:13CV00079, which seeks damages for injuries to his shoulder at Keen Mountain Correctional Center.

The court construes Makdessi's submission as a motion seeking interlocutory injunctive relief directing unspecified officials to transfer him away from western Virginia. "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997); In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003).

Makdessi does not allege that the potential harm he seeks to prevent through an interlocutory injunction arises from the past wrongs he has claimed against officials in Case No. 7:13CV00079. Rather, Makdessi alleges a new set of claims against three new defendants—that RNCC officials cuffed him to the back, messed up his legal materials, and allowed a dog to bark at him. Therefore, while his motion for interlocutory relief must be denied in this pending case,[2] the court will direct the clerk to file the motion as a new and separate civil action. An appropriate order will issue this day.

The Clerk is directed to send a copy of this order to the plaintiff and to counsel of record for the defendants.

ENTER: This 15th day of October, 2014.

_____
Chief United States District Judge

---

[2] Makdessi states that he will pursue these claims in a separate civil action, unless the court allows him to amend the pending case. This action, which is ready to be scheduled for trial, concerns events that occurred in November 2012 at another prison.

2